IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **QUKULKHAN SHAHBAZ NAGAQIXI AMARU**, *et al.*, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:22-cv-01090-O-BP |
| v. | § § | (Consolidated with Civil Action No. 4:22-cv-01096-P-BJ) |
| **RHOME POLICE DEPARTMENT**, *et al.*, | § § § | |
| Defendants. | § | |

## <u>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge (ECF No. 146) and Plaintiffs' Objections (ECF No. 147), in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

### I.    LEGAL STANDARD

Federal Rule 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion. FED. R. CIV. P. 72(b)(2). An objection that does "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection'" under Rule 72(b). *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (citation omitted); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Frivolous, conclusive or general objections need not be considered by the district court.").

An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984).

A court may properly deny relief when objections are not specific enough to comply with Rule 72(b). *See Cuza*, 2023 WL 3270064 at *1–2 (dismissing the pro se's petition that did "not point out specifically where he believes [the magistrate judge] erred, whether it be in her fact-finding, legal analysis, or otherwise"); *Meggett v. Ayala-Meggett*, No. SA-15-CV-339-XR, 2015 WL 13216434, at *2 (W.D. Tex. Dec. 11, 2015) (finding court was not required to conduct a *de novo* review where pro se plaintiff did "not attempt to offer specific objections to the [m]emorandum and [r]ecommendation, but rather, simply rehashe[d] the factual allegations that [were] contained in his [a]mended [c]omplaint"). A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," otherwise a district court reviews the recommendation under a plain error standard. FED. R. CIV. P. 72(b)(3).

## II.   ANALYSIS

Plaintiffs raise numerous objections to the Magistrate Judge's Findings and Conclusions, each of which borders on "[f]rivolous, conclusive or general objections." *Battle*, 834 F.2d at 421. Nonetheless, in so far as Plaintiffs objections are proper, the Court analyzes Plaintiff's three types of objections, each in turn. For the following reasons, the Court accepts the Findings and Conclusions of the Magistrate Judge as the Findings and Conclusions of the Court.

### A.  Leave to Amend and Rule 12(b)(6)

Plaintiffs raise two broad objections to the Findings and Conclusions of the Magistrate Judge. First that the Magistrate Judge applied the wrong standard in analyzing Defendants' Federal Rule

12(b)(6) Motions to Dismiss.[1] Second, the Magistrate Judge erred in denying Plaintiffs leave to amend.[2] Each of these objections fail.

First, Plaintiffs argue that the Magistrate Judge "erred in concluding that Plaintiffs' factual allegations were insufficient to state a valid claim."[3] For the reasons stated below, the Court find no error for each of the claims. The Magistrate Judge correctly applied the Rule 12 standard and correctly dismissed the claims. The Court finds no error in the application of the "plausibility standard" and rejection of conclusory facts. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

Second, Plaintiffs argue that the Court should have granted leave to amend their complaint. The Magistrate Judge denied leave to amend because "Plaintiffs already have amended their original complaints in response to the First FCR that noted numerous deficiencies in their pleadings."[4] The Court agrees that "[i]t appears that they have pleaded their best case against the Defendants."[5] Some of Plaintiffs claims are "not actionable as a matter of law." *Taubenfeld v. Hotels.com*, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004). As for the remaining claims, Plaintiffs have already been granted their chance to amend, amendment at this time would be futile. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

### B. *Monell* Liability and Qualified Immunity

Next, Plaintiffs object to the Magistrate Judges analysis regarding Qualified Immunity and *Monell* liability. Plaintiffs misstate or misunderstand the law, and the Court concludes that the Findings and Conclusions of the Magistrate Judge are correct.

---

[1] Pls.' Obj. 1, ECF No. 147.
[2] *Id.* at 4-5.
[3] *Id.* at 1.
[4] FCR 19, Mar. 18, 2025, ECF No. 146.
[5] *Id.*

### 1. Claims against Debus and City of Rhome

First, Plaintiffs object to dismissal of claims against Debus and City of Rhome. The Magistrate Judge dismissed the claims against Debus because "Plaintiffs do not state any facts to show that Debus was personally involved in the traffic stop or was present at the scene."[6] Dismissal for failure to plead this fact is warranted because "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiffs attempt to hold Debus and City of Rhome liable under a theory of *respondeat superior*, however, this is unavailable under 42 U.S.C. § 1983. *See Burge v. St. Tammany Par.*, 336 F.3d 363, 370 n.2 (5th Cir. 2003) ("The requirement that a policymaker be charged with actual or constructive knowledge of the policy that inflicts the alleged injury follows from the principle that *respondeat superior* is unavailable against a municipality under § 1983." (citing *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir.2002)).

Additionally, in order to proceed against the City of Rhome, Plaintiffs must plead that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Plaintiffs did not allege facts to support a claim for municipal liability against the City of Rhome and the Magistrate Judge's recommendation to dismiss was correct.

### 2. Claims against Moore and Martinez

Second, as to Martinez, the Magistrate Judge recommended dismissal because Plaintiffs did not plead enough facts to support a constitutional violation. The Magistrate Judge correctly found that the only two specific facts asserted against Martinez were conclusory.[7] Plaintiffs assert

---

[6] *Id.* at 7.
[7] *See Id.* at 8-9.

that "Martinez [acted] without a warrant or probable cause," however, the Court need not consider legal conclusion that are conclusory statements such as this. *See Iqbal*, 556 U.S. at 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Twombly*, 550 U.S. at 555 (2007) (defining legal conclusions as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

Finally, as to the claims against Moore, Plaintiffs reassert conclusory statements lodged as objections. These objections, even construed liberally, do not amount to specific objections. For instance, Plaintiffs object that "[t]he [Magistrate] [J]udge's finding that qualified immunity applies to . . . Martinez [] is inconsistent with established case law."[8] *Whren v. United States* however is not an applicable case because here, Plaintiffs were not pretextually stopped. 517 U.S. 806 (1996). As explained below, Plaintiffs did not properly plead a racial profiling claim. Plaintiffs assume the veracity of their argument instead of pleading an argument to the Court. Furthermore, the claim that "[t]he ruling wrongly shields officers who acted with a lack of legal justification, and thus, it should be reconsidered"[9] is not an objection. Similarly, "[t]he questioning done by Moore was in the context of this stop a harassment and fishing expedition to the detriment of the rights of Mulukah who was just a passenger"[10] is not a specific objection to the Magistrate Judge's Findings or Conclusions. The only specific objection regarding Moore, the alleged misapplication of battery law, is addressed below.

---

[8] Pls.' Obj. 1, ECF No. 147.
[9] *Id.* at 2.
[10] *Id.* at 10.

### C. Objections to Specific Claims

Finally, Plaintiffs raise objections to the Findings and Conclusions of the Magistrate Judge on each of their specific claims. None of which convinced the court that the Magistrate Judge erred. In this section. The Magistrate Judge relied on the previous FCR, which was accepted by the Court without objections.[11] Plaintiffs failed to rectify the issued previous identified, further supporting the conclusion that leave to amend is not warranted.

First, as it relates to Plaintiffs batter claim, they object because they assert that "[t]he [M]agistrate [Judge] makes a conclusory assumption that the arrest was lawful."[12] The Magistrate Judge, however, did not make a conclusory assumption. The Magistrate Judge simply stated the law, that is, "[t]he actions of a police officer in making an arrest necessarily involve a battery, although the conduct may not be actionable because of privilege." *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014). Plaintiffs did not assert a battery outside of the arrest, which "necessarily involve[s] a battery." *Id.*

Next, regarding Plaintiffs racial profiling claim, the Magistrate Judge cited to and relied on the August 1, 2024 Findings, Conclusions, and Recommendation.[13] In that order, the Magistrate Judge explained "[t]o state a claim of racial profiling under the Fourteenth Amendment, a plaintiff must 'allege and prove that [she] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'"[14] Despite being informed of what is required to plead a racial profiling claim, Plaintiffs did not rectify the error in their complaint and did not "prove that similarly situated individuals were

---

[11] *See* Order Accepting FCR, Aug. 30, 2024, ECF No. 128
[12] Pls.' Obj. 3, ECF No. 147.
[13] *See* FCR 18, Mar. 18, 2025, ECF No. 146 (citing FCR 30–31, Aug. 1, 2024, ECF No. 143.)
[14] FCR 31–32, August 1, 2024, ECF No. 123 (quoting *Stout v. Vincent*, 717 F. App'x. 468, 471–72 (5th Cir. 2018)).

treated differently." *Texas Ent. Ass'n, Inc. v. Hegar*, 10 F.4th 495, 513 (5th Cir. 2021) (quoting *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999) (per curiam)). Thus, Plaintiffs failed to meet the pleading standard for a racial profiling claim.

The remaining objections to the Findings and Conclusions of the Magistrate Judge fail to satisfy the Rule 72 standard for a specific objection. For example, Plaintiffs argue that "[t]he [Magistrate] [J]udge's ruling to dismiss the emotional distress and harassment claims is problematic and indicates potential bias toward law enforcement."[15] This argument is frivolous and does not amount to a specific objection for the Court to consider. *See Battle*, 834 F.2d at 421 ("Frivolous, conclusive or general objections need not be considered by the district court."). Additionally, Plaintiffs objections to the Magistrate Judge order regarding the remaining claims only assert general propositions of unrelated law and contain what appear to be notes to themselves or instructions from a third party,[16] such as "[f]urther elaborate on" and "you can bring attention to."[17] Accordingly, the Court does not consider the objections that do not satisfy the Rule 72 standard. *See Battle*, 834 F.2d at 421. In sum, Plaintiffs fail to persuade the Court that the Magistrate Judge's FCR contained any errors and, thus, the Court accepts the Magistrate Judge's Findings and Conclusions.

## III.   CONCLUSION

After conducting a *de novo* review and finding no error, the Magistrate Judge's Findings and Conclusions are correct, and they are accepted as the Findings and Conclusions of the Court.

---

[15] Pls.' Obj. 7, ECF No. 147.
[16] *Id.* at 8. The quoted sections are non-exhaustive of the commentary lodged within Plaintiffs objections. The numerous internal commentaries may likely be prompts given to a generative A.I. in violation of Local Rule 7.2(f) because Plaintiffs did not file a disclose the use of generative A.I. *See* L.R. 7.2(f)(1).
[17] Pls.' Obj. 8, ECF No. 147.

Accordingly, it is **ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 130, 132, 134, and 136) are **GRANTED**. Accordingly, Plaintiffs' claims are **DISMISSED with prejudice**.

    **SO ORDERED** on this **8th day** of **April, 2025**.

                                                    Reed O'Connor
                                      **UNITED STATES DISTRICT JUDGE**